```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

LYNDA ROSEMOND,                  §
                                 §
          Plaintiff,             §
                                 §
v.                               §   CIVIL ACTION NO. H-13-2190
                                 §
UNITED AIRLINES, INC.,           §
                                 §
          Defendant.             §
```

## MEMORANDUM OPINION AND ORDER

Plaintiff Lynda Rosemond brought this Title VII action against defendant United Airlines, Inc., on July 26, 2013. Pending before the court is Defendant's First Amended Opposed Motion to Transfer Venue ("Motion to Transfer") (Docket Entry No. 15). For the reasons explained below, Defendant's Motion to Transfer will be granted and this case will be transferred to the Alexandria Division of the Eastern District of Virginia under 28 U.S.C. § 1404(a).

### I. Background

Plaintiff is a flight attendant who was based out of Defendant's Washington-Dulles International Airport hub in Dulles, Virginia.[1]  In her complaint, filed on July 26, 2013, Plaintiff alleges that she was sexually harassed by a pilot who also worked

---

[1] Affidavit of Lee Ann Bode ("Bode Affidavit"), Exhibit A to Motion to Transfer, Docket Entry No. 15-1, p. 1 ¶ 2; Motion to Transfer, Docket Entry No. 15, p. 6.

for Defendant.[2] Plaintiff further alleges that after she complained of the harassment "her supervisor and others at United Airlines retaliated against her by a coordinated campaign to declare her unfit for duty."[3]

Defendant filed its answer on September 18, 2013.[4] Defendant filed the pending Motion to Transfer on January 22, 2014.[5] On March 7, 2014, Plaintiff filed a response.[6]

## II. Applicable Law

Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "When considering a § 1404 motion to transfer, a district court considers a number of private- and public-interest factors, 'none of which can be said to be of dispositive weight.'" Wells v. Abe's Boat Rentals Inc., No. H-13-1112, 2014 WL 29590, at *1 (S.D. Tex. Jan. 3, 2014) (quoting Action Indus., Inc. v. U.S. Fid. & Guar.

---

[2]Plaintiff's Original Complaint, Docket Entry No. 1, p. 2 ¶¶ 7-9.

[3]Id. at 2-3 ¶ 10.

[4]Defendant's Original Answer, Docket Entry No. 4.

[5]Motion to Transfer, Docket Entry No. 15.

[6]Plaintiff's Memorandum in Response to Defendant's Motion to Transfer Venue ("Response"), Docket Entry No. 17.

Corp., 358 F.3d 337, 340 (5th Cir. 2004)). The private-interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter In re Volkswagen I] (citing Piper Aircraft Co. v. Reyno, 102 S. Ct. 252, 258 n.6 (1981)); see also Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex., 134 S. Ct. 568, 581 n.6 (2013). The public-interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." In re Volkswagen I, 371 F.3d at 203. The court must "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" Atlantic Marine, 134 S. Ct. at 581 (quoting 28 U.S.C. § 1404(a)).

"The [c]ourt must also give some weight to the plaintiff['s] choice of forum." Atlantic Marine, 134 S. Ct. at 581 n.6 (citing Norwood v. Kirkpatrick, 75 S. Ct. 544, 546 (1955)). Thus, the party seeking the transfer "'must show good cause.'" In re

and material to [Plaintiff's] claims are . . . located, maintained and administered in, near or around Dulles, Virginia."[8] In addition, Plaintiff was "based out of [Defendant's] Washington-Dulles International Airport hub in Dulles, Virginia" and although she is not currently working, "[s]he is still based out of [Defendant's] Dulles, Virginia hub, and her leave of absence is managed by her supervisor in the Virginia hub."[9] Because the relevant employment records are maintained and administered in the Eastern District of Virginia, and because that is the district where Plaintiff would have worked but for the alleged unlawful employment practice, this suit could have originally been filed in the Eastern District of Virginia.[10] 42 U.S.C. § 2000e-5(f)(3).

---

[8] Id. at 1 ¶ 3.

[9] Id. ¶ 2.

[10] Because the special venue statute "displaces the general venue provision set out in 28 U.S.C. § 1391," Allen v. U.S. Department of Homeland Security, 514 F. App'x 421, 422 (5th Cir. 2013), venue is only proper in the Southern District of Texas if (1) the alleged unlawful employment practice was committed in Texas, (2) the relevant employment records are maintained and administered in the Southern District, (3) Plaintiff would have worked in the Southern District but for the alleged unlawful employment practice, or, (4) Defendant has its principal office in the Southern District, so long as Defendant cannot be found in a district implicated by (1) through (3). See 42 U.S.C. § 2000e-5(f)(3); Allen, 514 F. App'x at 422; Tucker v. U.S. Dep't of Army, 42 F.3d 641, 1994 WL 708661 (5th Cir. 1994) (unpublished table decision); March v. ABM Sec. Servs., Inc., No. H-09-2422, 2010 WL 104480 (S.D. Tex. Jan. 7, 2010); Kapche v. Gonzales, No. V-07-31, 2007 WL 3270393, at *3 (S.D. Tex. Nov. 2, 2007). As Defendant points out in its Motion to Transfer, Plaintiff does not allege that any unlawful employment practice was committed in Texas. Motion to Transfer, Docket Entry No. 15, p. 7.
(continued...)

### A. The Private-Interest Factors

#### 1. The Relative Ease of Access to Sources of Proof

Bode's affidavit states that the records relevant to Plaintiff's claims are "located, maintained and administered in, near or around Dulles, Virginia."[11] Plaintiff argues that "the files Defendant argues make[] [venue in the Southern District of Texas] inconvenient are few" and that "[m]ost files today can be faxed or sent by other electronic means."[12] However, whether the files "can be faxed or sent by other electronic means" will not preclude a conclusion that the location of the files weighs in favor of transfer. Cf. In re Toa Technologies, Inc., No. 13-153, 2013 WL 5486763, at *2 (Fed. Cir. Oct. 3, 2013) ("[T]he district court assigned substantial weight to the fact that 'the vast majority of the Defendant's documentation is[ ]stored electronically' and that this digital information is 'effectively

---

[10](...continued)
Accordingly, on the facts presented in the record, venue is not proper in the Southern District of Texas. However, Defendant waived any objection to venue by failing to raise it in its answer. See 28 U.S.C. § 1406(a)-(b); Fed. R. Civ. P. 12(h); Allen, 514 F. App'x at 422. "Because a party may seek a § 1404(a) transfer of venue after filing its first responsive pleading," however, the court may consider whether transfer is warranted under § 1404(a). Allen, 514 F. App'x at 422; see also Williamson-Dickie Mfg. Co. v. M/V HEINRICH J, 762 F. Supp. 2d 1023, 1027-30 (S.D. Tex. 2011); Sabre Technologies, L.P. v. TSM Skyline Exhibits, Inc., No. H-08-1815, 2008 WL 4330897, at *7 (S.D. Tex. Sept. 18, 2008).

[11]Bode Affidavit, Exhibit A to Motion to Transfer, Docket Entry No. 15-1, p. 1 ¶ 3.

[12]Response, Docket Entry No. 17, p. 2 ¶¶ b, f.

stored everywhere, including the Eastern District of Texas[.]' However, this does not negate the significance of having trial closer to where [the] physical documents and employee notebooks are located. The critical inquiry 'is relative ease of access, not absolute ease of access.'" (quoting In re Radmax, Ltd., 720 F.3d 285, 288 (5th Cir. 2013))). Because the relevant files are located, maintained, and administered in the Eastern District of Virginia, this factor weighs in favor of transfer.

  2. <u>The Availability of Compulsory Process to Secure the Attendance of Witnesses</u>

"Under Federal Rule of Civil Procedure 45 (as recently amended), this Court may enforce a subpoena issued to any nonparty witness in the State of Texas to appear at trial, provided the party does not incur substantial expense." Ingeniador, LLC v. Adobe Sys. Inc., No. 2:12-CV-00805-JRG, 2014 WL 105106, at *2 (E.D. Tex. Jan. 10, 2014) (citing Fed. R. Civ. P. 45(c)(1)(B)). "A venue that has 'absolute subpoena power for both deposition and trial' is favored over one that does not." Thomas Swan & Co. Ltd. v. Finisar Corp., No. 2:13-CV-178-JRG, 2014 WL 47343, at *3 (E.D. Tex. Jan. 6, 2014) (quoting In re Volkswagen II, 545 F.3d at 316).

Bode's affidavit states that "[m]ost of the witnesses who are knowledgeable, pertinent and material to the allegations made by [Plaintiff] in this lawsuit reside in, near or around Dulles,

Virginia."[13] However, Defendant has not identified any individuals that it intends to call as witnesses. See U.S. Ethernet Innovations, LLC v. Samsung Electronics Co., Ltd., No. 6:12-CV-398 MHS-JDL, 2013 WL 1363613, at *3 (E.D. Tex. Apr. 2, 2013) ("The [c]ourt gives more weight to those specifically identified witnesses and affords less weight to vague assertions that witnesses are likely located in a particular forum."). Furthermore, the testimony of Defendant's current employees can likely be presented in either court without reliance on the subpoena power. See Wells, 2014 WL 29590, at *2 ("[T]he testimony of the individuals . . . who are current employees of [the defendant] can be presented in Texas without the need to rely on subpoena power.") (citing Boutte v. Cenac Towing, Inc., 346 F. Supp. 2d 922, 933 (S.D. Tex. 2004)).

Plaintiff's pretrial disclosures identify a number of medical professionals in the Houston area that Plaintiff intends to call as witnesses.[14] The Eastern District of Virginia would lack subpoena power over these witnesses. See Fed. R. Civ. P. 45. In light of Defendant's failure to identify any non-party witnesses for whom compulsory process would be necessary, this factor weighs against transfer.

---

[13]Bode Affidavit, Exhibit A to Motion to Transfer, Docket Entry No. 15-1, p. 1 ¶ 3.

[14]Plaintiff's Pretrial Disclosures, Docket Entry No. 16, p. 1 ¶ 1.

### 3. The Cost of Attendance for Willing Witnesses

As noted above, Defendant alleges that "most of the witnesses who are knowledgeable, pertinent and material to the allegations made by [Plaintiff] in this lawsuit reside in, near, or around Dulles, Virginia."[15] The court takes judicial notice that this courthouse is approximately 1,215 miles from the Alexandria Division of the Eastern District of Virginia. "'When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" In re Volkswagen II, 545 F.3d at 317 (quoting In re Volkswagen I, 371 F.3d at 204-05). "[I]t is an 'obvious conclusion' that it is more convenient for witnesses to testify at home." Id. (quoting In re Volkswagen I, 371 F.3d at 205).

"In considering the convenience of witnesses, however, the relative convenience to key witnesses and key non-party witnesses is accorded greater weight in the venue transfer analysis" and "the convenience of one key witness may outweigh the convenience of numerous less important witnesses." Mid-Continent Cas. Co. v. Petroleum Solutions, Inc., 629 F. Supp. 2d 759, 762-63 (S.D. Tex. 2009). Because neither party has identified its key witnesses or

---

[15]Bode Affidavit, Exhibit A to Motion to Transfer, Docket Entry No. 15-1, p. 1 ¶ 3.

explained the relevance of their testimony, the court cannot determine whether any key witnesses will be inconvenienced by transfer. See Cont'l Airlines, Inc. v. Am. Airlines, Inc., 805 F. Supp. 1392, 1396 (S.D. Tex. 1992) ("'[T]he party seeking transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover.'" (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3851, at 425 (1986))). The court therefore concludes that this factor weighs against transfer. See id.; cf. Sivertson v. Clinton, No. 3:11-CV-0836-D, 2011 WL 4100958, at *6 (N.D. Tex. Sept. 14, 2011) (finding this factor to be neutral when it was unclear whether the witnesses identified by the plaintiff would provide any relevant testimony).

    4.    All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive

Plaintiff argues that she "cannot afford to pay her attorney to travel to another District to try this case."[16] However, "[t]he factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue." In re Horseshoe Entm't, 337 F.3d 429, 434 (5th Cir. 2003). Accordingly, the fact that Plaintiff's counsel is located in Houston does not weigh either for or against transfer.

---

[16]Response, Docket Entry No. 17, p. 2 ¶ b.

On the other hand, the events giving rise to Plaintiff's claim of retaliation occurred in the Eastern District of Virginia. Plaintiff alleges that "her supervisor and others at United Airlines retaliated against her by a coordinated campaign to declare her unfit for duty."[17] Plaintiff was based out of Defendant's Washington-Dulles International Airport hub in Dulles, Virginia, when the alleged retaliation occurred "and her [current] leave of absence is managed by her supervisor in the Virginia hub."[18] The court takes judicial notice that Dulles is within the Eastern District of Virginia.

Given the nature of Plaintiff's claims, it would likely be more expeditious to resolve this case in the district where the events occurred and the participants are located. Cf. WHM Mineral Holdings, L.L.C. v. Bocook Eng'g, Inc., No. H-09-2817, 2009 WL 5214097, at *6 (S.D. Tex. Dec. 22, 2009) ("The court first notes that in general it is probably more expeditious for a court in Kentucky to resolve a dispute about what someone in Kentucky said about a Kentucky coal mine than it would be for a court in Texas to resolve the same dispute."). The court therefore concludes that this factor weighs in favor of transfer.

---

[17]Plaintiff's Original Complaint, Docket Entry No. 1, pp. 3-4 ¶ 10.

[18]Bode Affidavit, Exhibit A to Motion to Transfer, Docket Entry No. 15-1, p. 1 ¶ 2.

## B. The Public-Interest Factors

### 1. The Administrative Difficulties Flowing from Court Congestion

"[W]hen considering this factor, 'the real issue is not whether [transfer] will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket.'" Siragusa v. Arnold, No. 3:12-CV-04497-M, 2013 WL 5462286, at *7 (N.D. Tex. Sept. 16, 2013) (quoting USPG Portfolio Two, LLC v. John Hancock Real Estate Fin., Inc., No. 3:10-CV-2466-D, 2011 WL 1103372, at *5 (N.D. Tex. Mar. 25, 2011)). Accordingly, courts often consider the median time interval from case filing to disposition in analyzing this factor. See id.; ExpressJet Airlines, Inc. v. RBC Capital Markets Corp., No. H-09-992, 2009 WL 2244468, at *12 (S.D. Tex. July 27, 2009). The median time between filing and disposition in the Southern District of Texas is 7.2 months, while it is 5.1 months in the Eastern District of Virginia.[19] "This difference in disposition time is negligible and does not weigh in favor of or against transfer." ExpressJet, 2009 WL 2244468, at *12 (concluding that a difference of 2.2 months between districts did not weigh either in favor of or against transfer). Accordingly, this factor is neutral.

---

[19]See Fed. Court Mgmt. Statistics, United States District Courts—National Judicial Caseload Profile (2013), available at http://www.uscourts.gov/uscourts/Statistics/FederalCourtManagementStatistics/2013/district-fcms-profiles-september-2013.pdf.

2.  The Local Interest in Having Localized Interests Decided at Home

"The location of the alleged wrong is of 'primary importance' in this [c]ourt's venue determination." Boutte, 346 F. Supp. 2d at 933 (S.D. Tex. 2004) (quoting Speed v. Omega Protein, Inc., 246 F. Supp. 2d 668, 675 (S.D. Tex. 2003)); see also Molina v. Vilsack, No. V-09-40, 2009 WL 5214098, at *4 (S.D. Tex. Dec. 23, 2009) ("The place of the alleged wrong is considered one of the most important factors in determining a motion to transfer venue." (citing Devon Energy Prod. Co., L.P. v. GlobalSantaFe S. Am., No. H-06-2992, 2007 WL 1341451, at *8 (S.D. Tex. May 4, 2007))). Here, the alleged retaliation occurred in the Eastern District of Virginia.

As noted by Defendant, although Plaintiff alleges that she experienced harassment "during flights,"[20] she "avoids any allegation that the alleged discrimination or retaliation occurred in the Southern District of Texas or that any United employee involved in decisions relevant to this lawsuit reside[s] in the Southern District of Texas."[21] Plaintiff was assigned to work in Dulles, her supervisor is in Dulles, the events giving rise to her claim of retaliation occurred in Dulles, and Plaintiff would still be working in Dulles but for the alleged unlawful employment practice. The Eastern District of Virginia thus has a strong local

---

[20]Plaintiff's Original Complaint, Docket Entry No. 1, p. 2 ¶ 9.

[21]Motion to Transfer, Docket Entry No. 15, p. 7.

interest in deciding this case. Accordingly, this factor weighs heavily in favor of transfer. Cf. Hutchinson v. Texas Historical Comm'n, No. 1:11-CV-65, 2011 WL 6181601, at *2 (E.D. Tex. Sept. 12, 2011) ("[Plaintiff's sole connection to the current forum is that she moved to Beaumont sometime after she was fired by [her employer]. The Western District of Texas has a substantial interest in this controversy while the Eastern District of Texas has little to no interest in it."); Murungi v. Touro Infirmary, No. 6:11-CV-0411, 2011 WL 3206859, at *7 (W.D. La. June 29, 2011) ("The undersigned finds that trial of this action will be more convenient in the Eastern District since the only connection between the Western District and this lawsuit is the fact that the plaintiff now resides here rather than in the Eastern District.").

3. <u>The Familiarity of the Forum with the Law that Will Govern the Case</u>

Neither this court nor the Eastern District of Virginia is more or less familiar with the law that will govern this case. Therefore, this factor is neutral.

4. <u>The Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law</u>

Because there are no conflict of laws issues that would make this case better suited for either this court or the Eastern District of Virginia, this factor cannot weigh either for or against transfer. Accordingly, this factor is neutral.

### C. Conclusion

The court finds that three factors weigh in favor of transfer, one of which strongly favors transfer, two factors weigh against transfer, and three factors are neutral. "The district court has broad discretion in deciding whether to order a transfer." Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting Caldwell v. Palmetto State Sav. Bank, 811 F.2d 916, 919 (5th Cir.1987)). Weighing the relevant factors, the court concludes that "on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" Atlantic Marine, 134 S. Ct. at 581 (quoting 28 U.S.C. § 1404(a)).

## IV. Conclusion and Order

For the reasons explained above, the court concludes that this case should be transferred to the Eastern District of Virginia. Defendant's First Amended Opposed Motion to Transfer Venue (Docket Entry No. 15) is therefore **GRANTED** and this case is **TRANSFERRED** to the Alexandria Division of the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).

**SIGNED** at Houston, Texas, on this 2nd day of April, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE